**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2457
_____

MICHAEL MINERVINI,
                                                      Appellant
v.

BOARD OF TRUSTEES FOR THE PENSION FUND OF PLUMBERS
LOCAL 14; XYZ CORP. 1-10, INDIVIDUALS; ABC 1-10 (all fictitious
names and/or entities who should be identified through discovery),
_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 11-cv-06149)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2014

Before:  FUENTES, FISHER, *Circuit Judges*
and JONES, II,[*] *District Judge*.

(Opinion Filed: September 23, 2014)
_____

OPINION
_____

---

[*]The Honorable C. Darnell Jones, II, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

Jones, II, *District Judge*.

Michael Minervini brought suit against the Board of Trustees for the Pension Fund of Plumbers Local 14 (the "Trustees"), alleging that the Trustees, who are the administrators of the Pension Fund of Local 14 Plan (the "Plan"), an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, improperly denied Minervini's application for disability retirement benefits under the Plan. Minervini appeals a decision from the United States District Court for the District of New Jersey granting the Trustees' Motion for Summary Judgment and denying Minervini's Motion for Summary Judgment, finding that the Trustees' determination that Minervini was not entitled to disability retirement benefits was neither arbitrary nor capricious.

For the reasons discussed below, we reverse the judgment of the District Court and remand to the District Court with instructions to enter an order denying the Trustees' motion for summary judgment and granting Minervini's motion for summary judgment, and for calculation of the benefits due to Minervini.

I.      **BACKGROUND**

We write principally for the benefit of the parties and recite only the essential facts and procedural history.

A. Minervini's Employment

Minervini was a member of the Plumbers Local Union No. 14 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, (the "Union"), and worked in the Union's

jurisdiction from 1978 until 2003, when he moved to Las Vegas, Nevada. Minervini's employers made pension contributions to the Union's Plan until 2004. On July 31, 2008, Minervini was injured during the course of his employment. In a decision rendered on October 16, 2010, the Social Security Administration ("SSA") determined that Minervini had become statutorily disabled as of July 31, 2008, (the "Disability Determination") and was thus eligible to receive disability benefits as of January 2009.

Following the SSA's Disability Determination, Minervini applied for a Disability Pension Benefit under the Plan. The Trustees' counsel informed Minervini that he was "not eligible for a Disability Pension" under the Plan because he "incurred a Break-in-Service prior to becoming disabled." (App. 53A).[1] Instead, Minervini, age 51, would be

---

[1] The letter states:

Dear Mr. Minervini:

This office is co-counsel to the Plumbers Local 14 Pension Fund. I have been provided with a copy of a letter from the Pension Fund's actuarial consultant regarding your application for a disability pension benefit. You last earned Credited Service during the fiscal year ended April 30, 2004, but incurred a Break-in-Service on April 30, 2006. You were determined to have incurred a Disability by United States Social Security on July 31, 2008, and you received an award effective January 1, 2009.

You are not eligible for a Disability Pension from the Plumbers Local 14 Pension Fund because you incurred a Break-in-Service prior to becoming disabled. You are eligible for a Deferred Pension benefit payable at age 55 or later based on the following accrued benefit.

Calculation of the Accrued Retirement Pension Benefit

Hours from 5/1/78 to 4/30/87: 16,616 x 2.5% = $ 415.40, plus
Hours from 5/1/87 to 4/30/04: 32,267 x 3.1% = $1.000.28

3

entitled to a Deferred Pension Benefit "payable at age 55 or later." In subsequent correspondence, the Trustees informed Minervini that, because he incurred a Break-in-Service, he was no longer a current Plan Participant as of the Break-in-Service date. Because only current Plan Participants could qualify for immediately payable Disability Pension Benefits, Minervini was merely eligible for a Deferred Pension Benefit. (App. 68A; 72A).

B. The Plan and Summary Plan Description

Minervini was a union member covered by a collective bargaining agreement and the Plan. The collective bargaining agreements established the Plan, which is an ERISA Pension Plan administered by the Trustees. Because Minervini's claims require interpretation of the Plan and the Summary Plan Description ("SPD"), several key Plan and SPD provisions are discussed herein.

The Plan provides in relevant part:

**SECTION I. DEFINITIONS**

> (1) "**Employee**" means a person who is in a collective bargaining unit represented by Local Union No. 14 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO and who is in the employ of any one of the Contributing Employers.

> Total Accrued Benefit payable at age 61: $1,415.68 effective March 1, 2020

> If you elect to commence receipt of an Early Pension, the benefit will be reduced 5/9 of 1% for each month the benefit commencement date precedes age 61. If you have any questions regarding the above, please contact the undersigned.

(App. 53A).

. . . .

(2) "**Participant**" means an Employee in the active employment of an Employer for at least one Hour of Service since the later of his date of first employment in the Industry and the date immediately following his latest Break in Service, if any. "Participant" shall include any Employee of the Trustees and of the Union who have at least one Hour of Service after the later of his date of employment by the Trustees or the Union and the date immediately following his latest Break in Service, if any. *It shall include* any Pensioner, Beneficiary or spouse receiving monthly benefits as of the beginning of the Plan Year and *any Vested Employee who is entitled to deferred vested benefits.*

\*\*\*\*\*\*

## SECTION II. PARTICIPATION

A. Every Employee who shall not have passed his 62nd birthday on May 1, 1962, shall become a Participant in the Plan as of the first date on which a Contributing Employer becomes obligated to make a contribution to the Fund on his behalf.
. . . .
C. An Employee shall cease to be a Participant and incur a Break in Service, only as follows:

(1) If he works less than a total of 500 hours in covered employment for one or more Contributing Employers during a period of two (2) Fiscal Years beginning May 1, 1978, (for the period January 1, 1968 through December 31, 1977, a total of 900 hours during five (5) fiscal years; for the period May 1, 1962 through December 31, 1967, the 900 hours were required to be worked during a period of 36 successive calendar months) except that this sub-paragraph shall be suspended.

\*\*\*\*\*\*

## SECTION IV. BENEFITS

A. **Normal Pension Benefit**
. . . .
B. **Disability Award Pension Benefit**

5

(1) A *Participant* who has been awarded a Social Security Disability Pension shall be eligible for a Disability Award Pension Benefit provided he has at least 10 years of credit for service . . . .

C. **Early Pension Benefit**

. . . .

D. **Deferred Pension Benefit**

(1) A *Participant* who was a Participant on January 1, 1981 and has at least 10 years of credit for service, either Past Service or Future Eligibility Service, or a combination of both, and thereafter ceases to work in the industry shall be eligible for a Deferred Pension benefit payable at age 55 or later.

. . . .

(App. 74A-79A (emphasis added)).

The SPD provides, in relevant part:

**1. WHEN DO I BECOME A PARTICIPANT OF THE PLAN?**

You become a Participant of the Pension Plan on the date your employer become [sic] obligated to contribute to this Fund on your behalf pursuant to a collective bargaining agreement.

**. . . .**

**3. WHEN WILL I RECEIVE MY NORMAL PENSION BENEFIT?**

You may retire on a Normal Pension Benefit on the earlier of:

a) the fifth anniversary that you commenced participation in the Plan, or

b) the time you acquired 5 years of credited service under the Plan and attain age 61.

Payment of benefits must begin by April 1st of the calendar year following the calendar year which you attain age $70^{1/2}$.

**4. MAY I RETIRE BEFORE AGE 61**?

Yes, you may retire prior to age 61 if you satisfy one of the following eligibility requirements:

a) **Early Retirement-** If you are at least age 55 and have earned a minimum of 10 years of Credited Service while a Participant of the Plan, you may retire with an Early Reduced Retirement Benefit.

b) **Disability Retirement** - *If you become disabled at any age, you may retire with a Disability Award Pension Benefit if you have been awarded a U.S. Social Security Disability Award Certificate and have earned at least*

6

*10 years of credited service.* The benefit will be payable retroactive to the date of entitlement to disability benefits from the Social Security Administration.

. . . .

**6. HOW IS MY NORMAL PENSION BENEFIT CALCULATED?**

The Pension benefit is calculated in 2 parts as follows . . . If you had interruptions in your service and *incurred a Break in Service* or multiple Breaks during your career, *your benefit may be calculated differently*. Generally, when you have a Break in Service, the benefit you earned prior to the Break in Service is calculated at the benefit rate(s) in effect when the Break occurred. Any service you earn following the Break(s) is calculated when you cease employment or have another Break.

. . . .

**15. CAN I LOSE MY PARTICIPATION IN THE PLAN?**

Yes, you may terminate your participation in the Plan if you incur a Break-in-Service. A Break in Service occurs if you work less than 500 hours for a contributing employer during a period of two successive fiscal years.

. . . .

**16. IF I HAVE A BREAK IN SERVICE, DO I LOSE ALL SERVICE CREDITS I HAD EARNED?**

Generally, you do not lose the service credits you had earned if you had at least *5* years of Credited Service and worked at least one hour since May 1, 1999 (10 years if you last worked prior to May 1, 1999), and had earned a 'vested' right to a Pension . . . . *Once you become 'vested' you cannot forfeit your service.*

. . . .

(App. 45A-48A (emphasis added)).

C. Minervini's Lawsuit

Minervini's Complaint alleges that the Trustees abused their discretion in determining that he was not entitled to Disability Pension Benefits under the Plan. The parties submitted cross-motions for summary judgment. The District Court entered summary judgment in favor of the Trustees, finding that the Trustees' determination that

7

Minervini was not entitled to Disability Pension benefits was not arbitrary and capricious. This timely appeal followed.

## II.    DISCUSSION

The District Court had jurisdiction under 29 U.S.C. § 1132(e).   This Court likewise has appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review of a district court's resolution of cross-motions for summary judgment and apply the same standard as the district court. *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Where, as here, the benefit plan gives the administrator discretionary authority to determine the eligibility for benefits, we review the Trustees' decision under an arbitrary and capricious standard.  *Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 233 (3d Cir. 2009).  Under an arbitrary and capricious standard of review, "a court can overturn the decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 234. A decision is supported by substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision. *Courson v. Bert Bell NFL Player Ret. Plan*, 214 F.3d 136, 142 (3d Cir. 2000).

Minervini argues that the Trustees' decision was arbitrary and capricious because he satisfied the qualifications for Disability Retirement Benefits under the Plan and SPD.[2]

---

[2] The S.P.D. states, "If you become disabled at any age, you may retire with a Disability Award Pension Benefit if you have been awarded a U.S. Social Security Disability

8

The parties do not dispute that Minervini incurred a "Break-in-Service." The gravamen of the dispute, however, was whether Minervini's "Break-in-Service" caused him to cease being a Participant under the Plan, and thus disqualify him for Disability Pension Benefits.

Relying on Section II (C) of the Plan, the Trustees determined, and the District Court agreed, that Minervini's Break-in-Service meant that he was no longer a Plan Participant. This conclusion is belied by the plain language of the Plan and SPD, which make clear that a Break-in-Service merely affects the calculation of pension benefits, not whether an employee is eligible.[3] In defining the term "Participant," Section I (2) of the Plan states that "'Participant' . . . *shall include . . . any Vested Employee who is entitled to deferred vested benefits.*" (App. 74A (emphasis added)). Because Minervini had accrued the requisite amount of credited service, he was entitled to "vested benefits"—a fact that the Trustees do not dispute. Thus, Minervini meets the definition of "Participant" pursuant to the Plan and SPD.

Curiously, despite determining that Minervini was not a Participant and therefore not entitled to Disability Pension Benefits, the Trustees conceded that Minervini is entitled to

Award Certificate and have earned at least 10 years of credited service." (App. 45A). It is undisputed the SSA awarded Minervini disability benefits and that Minervini earned "at least ten years of credited service."

[3] The SPD states, "If you had interruptions in your service and incurred a Break in Service or multiple Breaks during your career, your benefit *may be calculated differently*." (App. 46A). The plain language of the SPD contradicts the Trustees' argument (endorsed by the District Court) based on Section II (C) of the plan, which would eliminate any retirement benefit for those that incur a Break-in-Service. Such a conclusion would be inconsistent with the Plan and SPD language.

9

a Deferred Pension Benefit upon his 55th birthday.  Under the Plan, however, eligibility for *any* benefit is conditioned on an employee's status as a Participant.[4]  The determination that Minervini would be eligible for a Deferred Pension Benefit, but not a Disability Retirement Benefit eschews reason.  A concession that Minervini is entitled to a Deferred Pension Benefit is an acknowledgment that Minervini is a Plan Participant.  Having made this concession, the Trustees cannot concomitantly conclude that Minervini is not a Participant for the purposes of Disability Pension Benefits.  Interpreting a single defined term - in this case "Participant" - in incongruent ways within the same ERISA Plan is the emodiment of arbitrary and capricious.[5]

## III.  CONCLUSION

Because the Trustees' decision to deny Disability Pension Benefits was arbitrary and capricious, we reverse the judgment of the District Court and remand to the District Court with instructions to enter an order denying the Trustees' motion for summary

---

[4] SECTION IV. BENEFITS
   . . . .
        B. Disability Award Pension Benefit
                (1) A *Participant* . . .  shall be eligible for a Disability Award Pension Benefit . . . .
   . . . .
        D. Deferred Pension Benefit
                (1) A *Participant* . . .  shall be eligible for a Deferred Pension benefit . . . .
(App. 78A-79A (emphasis added)).

[5] The District Court justified the Trustees' incongruent finding by stating the SPD "suggest[s] that the Plan distinguishes between current and former Participants."  Under this interpretation, one could plausibly be eligible for Deferred Pension Benefits, but not Disability Pension Benefits based on status as a "current" or "former" Plan Participant.  Nothing in the SPD or Plan documents, however, conditions eligibility for vested benefits on one's status as a "current" or "former" Plan Participant.

judgment and granting Minervini's motion for summary judgment, and for calculation of the benefits due to Minervini.